IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA CARNEIL PHILLIPS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:20-00489-KD-N |
| | ) |
| TREY OLIVER, III, Warden, *et al.*,<br>    Defendants. | )<br>)<br>) |

## CORRECTED CONVERSION ORDER

Pending before the Court is Defendants' motion for summary judgment. (*See* Docs. 47, 48).[1] On February 25, 2022, in compliance with this Court's order dated February 2, 2022 (Doc. 43), Defendants filed a second special report (Doc. 47) and Defendant Alastal's answer to Plaintiff's complaint (Doc. 46). Upon review, the undersigned determined the joint special report (Doc. 47) should be treated as a motion for summary judgment under Rule 56. (*See* Doc. 48). Plaintiff filed a response (Doc. 49), but no reply was filed by Defendants, and the motion was taken under submission on May 10, 2022. (*See* Doc. 48). No additional filings have been submitted in this case apart from a March 29, 2022, notice by Plaintiff of his intent to continue the present litigation. (Doc. 50).

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without

---

[1] The District Judge assigned to this case referred these motions to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate resolution. (2/25/2022 electronic reference*).*

notice." Fed. R. Civ. P. 60(a). Upon review of the pleadings, the undersigned discovered an omission in the March 21, 2022, conversion order (Doc. 48), insofar as it failed to include the answers of Defendants Alastal (Doc. 46), Beckford (Doc. 38), Dallas (Doc. 21) and Blocker (Doc. 20) as part of the now converted motion for summary judgment. Accordingly, it is therefore **ORDERED** that Defendants' answers to the amended complaint (Docs. 20, 21, 38, 46) and Defendants' second special report (Doc. 47) be treated as a motion for summary judgment and is thus exempted from the requirements of S.D. Ala. CivLR 7 and CivLR 56.

Because this correction is procedural in nature, and because the motion has been fully briefed and is currently under submission, no further submissions related to the issues raised may be filed unless: (1) the submission is in accordance with S.D. Ala. CivLR 7(f)(3),[2] or (2) the proponent obtains leave of court for good cause shown.

**DONE** and **ORDERED** this the 26th day of October 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "If pertinent and significant authority comes to a party's notice after the briefs have been filed, but before decision, a party may promptly advise the Court by notice setting forth the citations and stating the reason the authority was not cited in the party's brief. The notice must specifically refer either to a page of the brief(s) already filed or to a point argued orally. The notice may not exceed two (2) pages and must not present a new argument. No response may be filed unless the presiding Judge so authorizes." S.D. Ala. CivLR 7(f)(3).