IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA CARNEIL PHILLIPS,** )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>**TREY OLIVER, III, Warden,** *et al.***,** )<br>    Defendants. ) | CIVIL ACTION NO. 1:20-00489-KD-N |

## ORDER

Plaintiff Joshua Phillips, a former Alabama prisoner proceeding *pro se* and *in forma pauperis*, brought this civil action asserting claims under 42 U.S.C. § 1983 in October 2020. (Doc. 1). After Defendants filed their Answers and Special Reports as ordered, the undersigned converted those filings into motions for summary judgment under Federal Rule of Civil Procedure 56. (*See* Docs. 48, 51). On January 10, 2023, the Court adopted the recommendation of the undersigned, granting summary judgment in part and denying it in part on Phillips' claims. (Docs. 52, 53). Specifically, the Court allowed Phillips' claims for excessive force under the Fourteenth Amendment against Defendants Shawn Beckford and Daniel Blocker to proceed. (Docs. 52, 53). At present, limited discovery is ongoing, and this action is presently set for bench trial before Judge Kristi K. DuBose on December 11, 2023. (Doc. 56).

Upon consideration of this action as it currently stands, the undersigned has determined that the appointment of counsel on Phillips' behalf would advance the proper administration of justice. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Smith v. Fla. Dep't of*

*Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013) (per curiam) ("While no single factor requires appointment of counsel, in the aggregate, this case presents exceptional circumstances that necessitate appointment of counsel."); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (setting forth factors for guidance in determining if exceptional circumstances warrant appointment of counsel.). The undersigned finds that exceptional circumstances exist for the appointment of counsel in this case. Specifically, Phillips' has represented to the Court on the record that he is presently unemployed, disabled and receiving SSI, and residing at a "group home." Moreover, the evidence at trial will consist of – in significant part – conflicting testimony that will require the skill of counsel in the presentation of evidence as well as in cross-examination. Appointment of counsel will also assist the efficient conduct of discovery for the remaining claims.

As such, it is **ORDERED** that, with his consent, Jonathan C. McCardle, Esq., an attorney in Fairhope, Alabama who is duly licensed to practice in this Court, is hereby **APPOINTED** to serve as counsel for Phillips in this action for all further district court proceedings through entry of final judgment.

As McCardle was informed, the Court will not pay appointed counsel's attorney fees in connection with this appointment. Instead, entitlement to attorneys' fees in this action will be based on statute and/or the terms of any settlement agreement. However, by standing order, this Court has created a Special Attorney Admissions Fund for "[r]eimbursement of pro bono counsel for out-of-pocket expenses, payment of compensation to pro bono counsel, and payment of witness fees and other expenses

on behalf of indigent pro se civil litigants." *See* SD ALA Standing Order No. 16, Attached Plan for the Administration of the Special Attorney Admissions Fund, ¶ 5.F; *see also* S.D. Ala. CivLR 67.1(a) ("The Special Attorney Admission Fund . . . shall be maintained by the Clerk to compensate appointed counsel in civil rights actions for reasonably incurred expenses authorized by prior order of the Judge to whom the action is assigned. Compensation from the Fund is not authorized for attorney's fees or for expenses for which any other source of payment exists"). S.D. Ala. Civil Local Rule 67.1(c)–(d) provides the procedure for requesting and receiving payment from the Special Attorney Admissions Fund. ***Additionally, before coming out-of-pocket to pay expenses for this litigation, counsel must seek pre-approval of all expenditures for which she will seek reimbursement from this Court.***

The Clerk of Court is **DIRECTED** to mail a copy of this order to Phillips at the address on record.

Additionally, the parties are **ORDERED** to file a joint status report as to the progress of discovery by no later than **May 2, 2023**.

**DONE** and **ORDERED** this the 18th day of April 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

3